NO JS6

O

# United States District Court
# Central District of California

| | |
|---|---|
| JOHN HERZFELD,<br><br>          Plaintiff,<br><br>    v.<br><br>TEVA PHARMACEUTICALS USA, INC. OMNIBUS WELFARE PLAN, et al.,<br><br>          Defendants. | Case № 2:18-CV-09784-ODW (SSx)<br><br>**ORDER GRANTING DEFENDANT MCMC, LLC'S MOTION TO DISMISS [22]** |

## I.    INTRODUCTION

Plaintiff John ("Jack") Herzfeld brings this action alleging wrongfully-denied medical benefits against his ERISA-welfare benefit plan, its administrator, claim fiduciary, insurance network, and an independent review organization ("IRO"). (*See* Compl., ECF No. 1.) Defendant MCMC, the IRO, moves to dismiss Herzfeld's Complaint as to it on the basis that it is not a proper defendant under any of Herzfeld's causes of action. (Mot. to Dismiss ("Mot."), ECF No. 22.) For the reasons that follow, the Court **GRANTS** Defendant MCMC's Motion. (ECF No. 22.)[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

A. **Factual Background**

Jack Herzfeld ("Herzfeld") is a dependent of Jeffrey Herzfeld, who was employed by Teva Pharmaceuticals USA, Inc. (Compl. ¶¶ 2, 8.) Teva Pharmaceuticals, Inc. sponsored the Teva Pharmaceuticals USA, Inc. Omnibus Welfare Benefit Plan (the "Plan"), an ERISA-governed welfare benefit plan. (Compl. ¶ 9.) Herzfeld was eighteen at the initiation of this lawsuit and was diagnosed with Duchenne Muscular Dystrophy ("DMD") at the age of six. (Compl. ¶ 14.) Herzfeld's DMD "has caused degeneration and weakness in his muscles such that he requires a wheelchair for mobility and effectively has no use of his arms without assistance." (Compl. ¶ 4.)

Herzfeld's pediatrician, Dr. Stephen Tang, recommended that Herzfeld be evaluated for a myoelectric elbow-wrist orthoses ("EWO"). (Compl. ¶¶ 57, 60.) An EWO is a powered orthosis, or brace, that reads the nerve signals from the skin of a user's arms and amplifies those signals to help move the arm. (Compl. ¶ 29.) EWOs were first created in the 1940s and have since gained widespread acceptance in the medical community. (Compl. ¶¶ 28, 32.) Tyra Rikimarua, a Certified Prosthetist Orthotist, evaluated Herzfeld and determined that he was a good candidate for a myoelectric EWO. (Compl. ¶ 22.) Mr. Rikimaru referred Herzfeld to Dr. Brandon Green, "a licensed physician with training in rehabilitation medicine, subspecializing in prosthetic/orthotic rehabilitation" and the Chief Medical Officer at Myomo, Inc. (Compl. ¶ 22.) After reviewing Mr. Rikimaru's evaluation and consulting with Herzfeld's doctors and physical therapist, Dr. Green concluded that that a myoelectric orthosis is the "best available technology to help [Herzfeld] provide function to his arms." (Compl. ¶ 27.) Dr. Green opined that Herzfeld was a good candidate for Myomo's myoelectric EWO, the MyoPro. (Compl. ¶ 22.)

The Plan covers Durable Medical Equipment such as the MyoPro, but requires pre-certification if the cost would exceed $500. (Compl. ¶¶ 41–43, 47.) As the

MyoPro cost can exceed $20,000 for a device, Herzfeld sought precertification. (Compl. ¶¶ 47, 57–60.) Quantum Health, Inc. ("Quantum"), the administrator of the Medical Benefits Section of the Plan, denied Herzfeld's request for coverage. (Compl. ¶¶ 10, 39, 61.) Quantum found the MyoPro came within the Plan's exclusion for "Experimental and/or Investigational" devices because "the effectiveness has not been established for the indication." (Compl. ¶¶ 44, 61.)

The Plan provides for first and second level internal reviews of a benefit denial. (Compl. ¶¶ 51–54.) Herzfeld submitted, and Quantum denied, both internal appeals. (Compl. ¶¶ 62–73.) A claimant may request an external review if the second level appeal is denied. (Compl. ¶ 54.) If the request is eligible, an IRO will be assigned to conduct an external review to either deny or uphold the benefit denial. (Compl. ¶¶ 54–55.) With some exceptions, the external review determination is binding on both the Plan and the claimant. (Compl. ¶ 56.) Herzfeld requested the external review and Quantum assigned MCMC as the IRO. (Compl. ¶¶ 74–75.) MCMC upheld Quantum and the Plan's coverage denial for the MyoPro on the ground that it was "experimental and investigational." (Compl. ¶ 76.)

**B.     Procedural Background**

Herzfeld filed the instant suit against the Plan, Quantum as the Plan Administrator, Meritain Health, Inc. as the Plan's Claims Fiduciary and Third Party Administrator, Aetna Life Insurance Company as the provider of health care services under the Plan, and MCMC as the IRO (collectively, "Defendants"). (Compl. ¶¶ 9–13.) He contends that Defendants wrongfully denied pre-certification coverage for the MyoPro, given its widespread acceptance in the medical community. (Compl. ¶ 6.) He asserts three causes of action under ERISA: (1) denial of benefits under 29 U.S.C. § 1132(a)(1)(B), (2) violation of fiduciary duties under 29 U.S.C. § 1132(a)(3), and denial of full and fair review of the claims denial under 29 U.S.C. § 1133. (Compl. ¶¶ 94–115.)

Defendant MCMC moves to dismiss Herzfeld's Complaint as to it on the basis that MCMC is not a proper defendant under any of the asserted causes of action. (Mot. 2.)

### III.     LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture*

*Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

MCMC argues Herzfeld's Complaint must be dismissed as against it because it is not a proper party defendant to Herzfeld's ERISA causes of action. (Mot. 2.) The Court addresses MCMC's arguments with respect to each cause of action in turn.

### A. First Cause of Action: Denial of Benefits, 29 U.S.C. § 1132(a)(1)(B)

Herzfeld asserts a first cause of action for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). (Compl. ¶¶ 94–101.) He claims that Defendants, including MCMC, breached the terms of the Plan by refusing to pre-certify coverage for the MyoPro. (Compl. ¶ 99.) MCMC argues it is not a viable defendant under this cause of action because MCMC had no control over the Plan or its administration. (Mot. 7–9.)

ERISA provides that a Plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Potential liability under subsection (a)(1)(B) is not limited to a Plan or the Plan administrator, but the defendant must be someone "responsible for paying legitimate benefits claims" or one who can "redress[] the act or practice which violates any provision of" ERISA. *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1206, 1207 (9th Cir. 2011) (internal quotation marks omitted).

The Complaint alleges no facts establishing that MCMC had the authority or obligation to pay Herzfeld's benefit claims. Herzfeld alleges that: MCMC is an IRO "that conducts external reviews of benefit denials by health insurance companies and employment benefit plans"; an IRO's review must be independent of prior determinations under the terms of the Plan; and MCMC, through its independent review, found the "requested service [to be] a Plan/Benefit exclusion" under the Plan.

(*See* Compl. ¶¶ 13, 55, 74, 76.) None of Herzfeld's allegations support the notion that MCMC had any control over the Plan, its administration, or payment of claims. To the contrary, Herzfeld alleges that "[f]inal determinations regarding coverage and eligibility for benefits are made by the Medical Benefit," administered by Quantum. (Compl. ¶¶ 10, 49.) Herzfeld alleges it was Defendant Quantum that "denied [his] request for coverage," and MCMC "was upholding Quantum and the Plan's coverage denial." (Compl. ¶¶ 61, 76.)

MCMC has no control over the actual administration of benefits under the Plan; nor was it responsible for paying Herzfeld's benefit claim. Thus, MCMC is not a proper defendant to the first cause of action. As the allegation of other facts consistent with the Complaint could not possibly cure this deficiency, the Court finds leave to amend would be futile. Accordingly, Herzfeld's first cause of action is **DISMISSED as to MCMC without leave to amend**.

B.   **Second Cause of Action: Breach of Fiduciary Duties, 29 U.S.C. § 1132(a)(3)**

Herzfeld asserts his second cause of action for breach of fiduciary duties against all Defendants, including MCMC, under 29 U.S.C. § 1132(a)(3). (Compl. ¶¶ 102–09.) MCMC argues that Herzfeld alleges no facts that it was a fiduciary or acted as a fiduciary, or that MCMC otherwise had discretion over the Plan, its administration, or its assets. (Mot. 9–12.) Herzfeld contends that MCMC, as an IRO, exercises the same discretionary authority over the benefits plan and the participant's claim as does a fiduciary conducting an internal benefit denial review, and thus MCMC should be considered a functional fiduciary subject to the same obligations. (Opp'n to Mot. 8–11, ECF No. 25.)

The Supreme Court held that 29 U.S.C. § 1132(a)(3) "admits of no limit . . . on the universe of possible defendants," aside from the requirements for seeking "appropriate equitable relief." *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000). However, Herzfeld brings this cause of action for breach of fiduciary duties, citing 29 U.S.C. §§ 1104(a)(1) and 1106 concerning fiduciary duties

and prohibited transactions. (Compl. ¶¶ 105, 107.) Accordingly, Herzfeld must allege that MCMC is "an ERISA fiduciary acting in its fiduciary capacity," and must "violate . . . ERISA-imposed fiduciary obligations." *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 498, 506 (1996)).

There are two types of ERISA fiduciaries, "named fiduciaries" and "functional fiduciaries." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 653 (9th Cir. 2019), *petition for cert. filed*, July 16, 2019 (No. 19-77); *see also* 29 U.S.C. § 1102(a)(2) (named fiduciary); 29 U.S.C. § 1002(21)(A)[2] (functional fiduciary). The parties do not contend MCMC was a named fiduciary, instead focusing their arguments on functional fiduciary status. A functional ERISA fiduciary is anyone who exercises discretionary authority or control respecting the management or administration of an employee benefit plan or its assets. *Santomenno v. Tranamerica Life Ins. Co.*, 883 F.3d 833, 837 (9th Cir. 2018) (citing 29 U.S.C. § 1002(21)(A)); *Pacificare Inc. v. Martin*, 34 F.3d 834, 837 (9th Cir. 1994).

MCMC plainly did not exercise discretionary control over the Plan, possess authority over its assets, or have discretionary authority in its administration. Herzfeld argues that MCMC was a fiduciary because it "interpret[ed] the plan provisions and [made] a determination regarding whether a participant is entitled to benefits." (Opp'n 8.) However, it was Quantum that denied his claim and the applicable regulations provide that the Plan retains discretion over an IRO's determination. *See* 45 C.F.R. 147.136(d)(2)(iii)(B)(7)(v) (listing exceptions to an IRO's binding determination, including that a Plan may pay for or provide the benefit even where an

---

[2] 29 U.S.C. § 1002(21)(A) provides that "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." Herzfeld argues for application of (i) and/or (iii). (Opp'n 8.)

IRO upholds denial). Regardless, the relevant regulations do not contemplate IROs like MCMC as ERISA fiduciaries.

The parties both cite 29 C.F.R. § 2560.503-1 and 45 C.F.R. § 147.136 as governing claims review requirements. (Opp'n 10, 11; Reply 8, ECF No. 26.) However, MCMC correctly notes that these regulations distinguish internal reviews from external reviews, and do not extend to impose ERISA fiduciary obligations on external reviewers such as IROs.

29 C.F.R. § 2560.503-1, entitled "Claims procedure," details requirements to which a Plan must adhere concerning claims for benefits by participants and beneficiaries. When a claim is denied, the Plan must provide for an appeal of the "adverse benefit determination" by "an appropriate named fiduciary of the plan." *See id.* § 2560.503-1(h)(3)(ii). Subsection (h) thus details a *plan's* obligation to provide a sufficient process for appeal by a named fiduciary of the plan. However, nothing in 29 C.F.R. § 2560.503-1 mentions or refers to an external review of an IRO.

In contrast, 45 C.F.R. § 147.136 distinguishes internal reviews from external reviews. An "appeal or internal appeal" is defined as a "review by a *plan* or *issuer* of an adverse benefit determination," *as defined in 29 C.F.R. § 2560.503-1*, 45 C.F.R. §§ 147.136(a)(2)(i)–(ii) (emphasis added), whereas an external review is one conducted pursuant to an applicable State or Federal review process, 45 C.F.R. § 147.136(a)(2)(iv). Further, 45 C.F.R. § 147.136(b), which governs internal appeals, repeatedly incorporates the requirements of 29 C.F.R. § 2560.503-1 as applying to internal appeals. *See, e.g.*, 45 C.F.R. § 147.136(b)(ii)(C) (requiring internal claims and appeals to "meet the requirements of this paragraph . . . in addition to complying with the requirements of 29 C.F.R. § 2560.503-1(h)(2)."). No such cross-reference appears in the provisions governing external reviews. *See* 45 C.F.R. §§ 147.136(c) & (d). Logically, then, 29 C.F.R. 2560.503-1(h)'s requirements for a sufficient appeal procedure apply to *internal reviews* by a plan or issuer of the adverse determination.

Accordingly, the reference in 29 C.F.R. 2560.503-1 to "an appropriate named fiduciary of the plan" refers to an internal reviewer, and not to IROs like MCMC.

Herzfeld cites *Del Prete v. Magellan Behavioral Health, Inc.*, 112 F. Supp. 3d 942 (N.D. Cal. 2015), for the proposition that an IRO is an ERISA fiduciary. (Opp'n 10.)  The court in *Del Prete* held the plaintiff sufficiently alleged that a claims administrator was an ERISA fiduciary with respect to its selection of an IRO.  *Del Prete*, 112 F. Supp. 3d at 946.  However, to reach that conclusion, the court also found the *IRO* was a fiduciary.  *Id.*  The court in *Del Prete* relied on 29 C.F.R. § 2560.503-1(h)(3)(ii)'s requirement that a plan provide for an appeal "by an appropriate named fiduciary of the plan," finding the IRO to be such a named fiduciary.  *Id.*  Here, first, MCMC is not a "named fiduciary" of the Plan, and neither party contends otherwise.  Further, as noted, 29 C.F.R. § 2560.503-1 applies to internal reviews and does not extend to IROs.  Thus, for the reasons discussed above, the Court must respectfully disagree with the conclusion in *Del Prete* that an IRO is an ERISA fiduciary.

Finally, Herzfeld argues "[a] person with the authority to grant or deny claims, or to review the denial of claims, for benefits under the relevant ERISA plan is a fiduciary." (Opp'n 9 (alteration in original) (citing *Del Prete*, 112 F. Supp. 3d at 947 (quoting *Hecht v. Summerlin Life & Health Ins. Co.*, 536 F. Supp. 2d 1236, 1243 (D. Nev. 2008))).  However, the Ninth Circuit does not construe the rule so broadly. Where the Ninth Circuit has used the phrase "authority to grant, deny, or review denied claims" to identify ERISA fiduciaries, it was specifically addressing insurance companies that had been given the discretion to administer the plan, not external reviewers such as IROs.  For instance, in *King v. Blue Cross & Blue Shield of Illinois*, the Ninth Circuit stated that "benefit plan *insurers* are not fiduciaries unless they are given the discretion to manage plan assets or to determine claims made against the plan"; "an *insurer* will be found to be an ERISA fiduciary if it has the authority to grant, deny, or review denied claims." 871 F.3d 730, 745 (9th Cir. 2017) (internal quotation marks omitted) (emphasis added); *see also Aetna Life Ins. Co. v. Bayona*,

223 F.3d 1030, 1033 (9th Cir. 2000), *as amended on denial of reh'g and reh'g en banc* (Nov. 3, 2000) (emphasis added) ("When an *insurance company* administers claims for an employee welfare benefit plan and has authority to grant or deny the claims, the company is an ERISA 'fiduciary' under 29 U.S.C. § 1002(21)(A)(iii)."); *Pacificare Inc.*, 34 F.3d at 837 (emphasis added) ("[A]n *insurer* will be found to be an ERISA fiduciary if it has the authority to grant, deny, or review denied claims."). The Ninth Circuit has found insurance companies with discretionary authority to administer the plan to be ERISA fiduciaries. These cases do not stand for the proposition that an IRO lacking discretionary control over the Plan, its assets, or its administration may be found to be an ERISA fiduciary because it performed an external review of a benefit denial.

In sum, the relevant authorities do not sweep-in IROs as ERISA fiduciaries. Faced with the existing regulations and authorities discussed above, the Court cannot conclude that an external reviewer such as an IRO is subject to the obligations of an ERISA fiduciary. As such, Herzfeld cannot state a claim for breach of fiduciary duties against MCMC. As the allegation of other facts consistent with the Complaint could not possibly cure this deficiency, the Court finds that leave to amend Herzfeld's second cause of action would be futile. Accordingly, Herzfeld's second cause of action is **DISMISSED as to MCMC without leave to amend**.

C. **Third Cause of Action: Denial of Full and Fair Review, 29 U.S.C. § 1133**

Herzfeld's third cause of action is for denial of a full and fair review of claims denied, under 29 U.S.C. § 1133. (Compl. ¶¶ 110–15.) MCMC argues it is not proper defendant under this cause of action because § 1133 imposes obligations only on benefit plans. (Mot. 12–13.)

"ERISA § 503 [29 U.S.C. § 1133], which specifies minimum requirements for a plan's claim procedure, requires plans to 'afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.'" *Aetna Health Inc. v.*

*Davila*, 542 U.S. 200, 220 (2004) (quoting 29 U.S.C. § 1133(2)). By its plain language, § 1133 and the relevant regulations, 29 C.F.R. § 2560.503-1, impose duties only upon benefit plans. *See Lee v. ING Groep, N.V.*, 829 F.3d 1158, 1161 (9th Cir. 2016) (citing with approval *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 405 (7th Cir. 1996) ("29 U.S.C. § 1133. . . imposes duties only upon a benefit 'plan'"); *see also Davila*, 542 U.S. at 220 (noting that the relevant regulations implementing § 1133 "apply equally to health benefit plans and other plans").

Herzfeld does not allege that MCMC is the Plan. (*See* Compl. ¶ 9 (alleging that Teva Pharmaceuticals USA, Inc. Omnibus Welfare Benefit Plan is the qualified welfare benefit plan at issue).) He alleges that MCMC is an IRO that conducted an external review of Defendant Quantum's benefit denial. (Compl. ¶¶ 13, 76.) As such, Herzfeld's cause of action for denial of a full and fair review is not properly asserted against MCMC.

As the allegation of other facts consistent with the Complaint could not possibly cure this deficiency, the Court finds that leave to amend this cause of action would be futile. Accordingly, Herzfeld's third cause of action is **DISMISSED as to MCMC without leave to amend**.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** MCMC's Motion to Dismiss **without leave to amend**. (ECF No. 22.)

**IT IS SO ORDERED.**

August 26, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**