**DAVIS LAW GROUP, PLC**
   D. Jason Davis (State Bar No. 193225)
17383 W. Sunset Blvd., Suite A380
Pacific Palisades, California 90272
Telephone:  (424) 256-0070
Facsimile:   (424) 256-7950
jdavis@dlglawcorp.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HERZFELD, an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>TEVA PHARMACEUTICALS USA, INC. OMNIBUS WELFARE PLAN; QUANTUM HEALTH, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS COORDINATED HEALTHCARE; MERITAIN HEALTH, INC; MCMC, LLC; and AETNA LIFE INSURANCE CO.<br><br>    Defendants. | CASE NO.: 2:18-CV-09784-ODW-SS<br><br>**PLAINTIFF'S REPLY TO DEFENDANT MCMC, LLC'S OPPOSITION TO MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  November 18, 2019<br>Time:  1:30 p.m.<br>Ctrm:  5D<br>Hon.:  Otis D. Wright II |

   Plaintiff John Herzfeld submits the following Reply to Defendant MCMC's Opposition to Motion for Reconsideration.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

I.     INTRODUCTION ..........................................................................................2

II.    THE COURT SHOULD RECONSIDER ITS RULING AFTER
CONSIDERING THE RULING IN *JOSEF K.* ...............................................3

    A.   It Was Not Unreasonable that Jack was Unaware of
the Later Decided Ruling in *Josef K.* ........................................................3

    B.   A Review Conducted Pursuant California Health
and Safety Code § 1374.33 is Indistinguishable
from a Review Conducted Pursuant to 29 C.F.R. §
2590.715-2719.............................................................................................5

III.   THE COURT CLEARLY ERRED BY CONSTRUING NINTH CIRCUIT
AUTHORITY TOO NARROWLY REGARDING PERSONS WHO HAVE
THE DISCRETION TO GRANT OR DENY CLAIMS ...............................8

IV.   MCMC FAILS TO ADDRESS THE MATERIAL FACTS NOT
CONSIDERED BY THE COURT IN ITS RULING ..................................10

V.    MCMC CONCEDES THAT THE COURT DID NOT CONSIDER
WHETHER THE COMPLAINT COULD BE AMENDED TO ALLEGE
NON-FIDUCIARY LIABILITY AGAINST MCMC .................................11

VI.   MCMC FAILS TO DEMONSTRATE GOOD CAUSE FO THE COURT
TO CONSIDER THE LATE-FILED OPPOSITION ..................................12

VII.  CONCLUSION ..........................................................................................13

# TABLE OF AUTHORITIES

## CASES

*Am. Fed'n of Unions Local 102 Health & Welfare Fund v. Equitable Life Assur. Soc. of the U.S.*,
  841 F.2d 658 (5th Cir. 1988) ............................................................................10

*Daniels v. Bursey*,
  313 F. Supp. 2d 790 (N.D. Ill. 2004)..............................................................11

*Josef K. v. California Physicians' Service*,
  No. 18-CV-06385-YGR, 2019 WL 2342245 (N.D. Cal. June 3, 2019) ...3,5, 6, 10

*Kodes v. Warren Corp.*,
  24 F. Supp. 2d 93 (D. Mass. 1998)....................................................................9

*Mahon v. United States*,
  795 F. Supp. 2d 149 (D. Mass. 2011) ...............................................................4

*Pac. Shores Hosp. v. United Behavioral Health*,
  764 F.3d 1030 (9th Cir. 2014) ...........................................................................9

*Reich v. Lancaster*,
  55 F.3d 1034 (5th Cir. 1995) .............................................................................9

## STATUTES AND REGULATIONS

29 C.F.R. § 2590.715-2719...................................................................................6

29 C.F.R. § 2590.715-2719(d)(2)(iii)(A)(1).........................................................8

29 C.F.R. § 2590.715-2719(d)(2)(iii)(B)(5).........................................................8

29 C.F.R. § 2590.715-2719(d)(2)(iii)(B)(7)(viii) ................................................8

45 C.F.R. § 147.136..............................................................................................6

45 C.F.R. § 147.136 (d)(2)(iii)(A)(1) ..................................................................8

45 C.F.R. § 147.136(d)(2)(iii)(B)(5) ...................................................................8

ERISA § 502(a)(3)...............................................................................................11

California Health & Safety Code § 1370.4(a) .......................................................7

California Health & Safety Code § 1374.31(c) .....................................................7

California Health & Safety Code § 1374.32...........................................................6

California Health & Safety Code § 1374.33.............................................................6, 7

California Health & Safety Code § 1374.33(a).............................................................7

California Health & Safety Code § 1374.33(b).............................................................7

California Health & Safety Code § 1374.33(d).............................................................7

California Health & Safety Code § 1374.33(f).............................................................7

PLAINTIFF'S REPLY TO DEFENDANT MCMC, LLC'S OPPOSITION TO MOTION FOR RECONSIDERATION

I.   **INTRODUCTION**

Conveniently, Defendant MCMC, LLC ("MCMC") argues that it was unreasonable for Plaintiff John Herzfeld ("Jack") to not seek leave to file additional briefing some four months after Jack had filed his Opposition to MCMC's Motion to Dismiss.  To the contrary, it is unreasonable to expect Jack to monitor all of the federal district and circuit courts for additional case authority to bring to the Court's attention during the time that it had taken the matter under submission without oral argument.

MCMC, while arguing the Court considered certain facts alleged in the Complaint, again conveniently does not address the numerous paragraphs in the Complaint that demonstrate MCMC violated the federal regulations governing external reviews, including, most importantly, the complete lack of impartiality and independence by the repeated use of the same unqualified reviewer that cut and pasted over and over the same decision denying coverage for the Myomo MyoPro. It cannot be that Jack has no recourse against MCMC and that MCMC can act with impunity when it has a financial interest in contracting with ERISA governed employee benefit plans to obtain repeat business.

The Court committed clear error when it narrowly read Ninth Circuit authorities to determine that the Ninth Circuit has only considered insurance companies fiduciaries when a person has the discretion to grant or deny medical claims. The Ninth Circuit, like other circuits, has held persons other than insurance companies to be fiduciaries when they have the discretion to grant or deny medical claims.  To hold otherwise was clear error.

Another error in the Court's ruling on MCMC Motion to Dismiss was its failure ;to consider whether the Complaint could be amended to allege nonfiduciary liability against MCMC to the extent the Court continues to believe MCMC did not act as a fiduciary when it denied coverage for the MyoPro under the terms of the benefit plan documents.

Lastly, MCMC's counsel's failure to take responsibility for his own calendar and blame the late filing of the brief on an associate and assistant who both left the firm last week does not constitute good cause for the Court to consider MCMC's Opposition.  Due to the function of the ECF system, Jack's counsel did not receive notice of the late-filed Opposition until October 30, 2019 morning resulting in prejudice to Jack to have sufficient time to prepare an adequate reply to the Opposition.  MCMC's counsel made no effort to apprise Jack's counsel of the late filing or expedite sending the Opposition to Jack's counsel.  According, MCMC's has not demonstrated good cause to consider the late-filed Opposition.

## II.   THE COURT SHOULD RECONSIDER ITS RULING AFTER CONSIDERING THE RULING IN *JOSEF K.*

MCMC makes a number of unpersuasive arguments why the Court should not reconsider its ruling in light of the later ruling in *Josef K. v. California Physicians' Service*, No. 18-CV-06385-YGR, 2019 WL 2342245 (N.D. Cal. June 3, 2019), which found an independent medical review organization ("IRO") was a fiduciary:

- Jack could have sought leave to submit supplemental briefing and it was unreasonable not to discover the later decided case prior to the Court's ruling;

- MCMC confuses the Court's holding that the term "approve or deny claims" is related to the basis for requesting reconsideration in light of the later ruling in *Josef K.*; and

- Maximus in *Josef K.* conducted an independent medical review ("IMR") while MCMC conducted an external review;

### A.   It Was Not Unreasonable that Jack was Unaware of the Later Decided Ruling in *Josef K.*

MCMC claims that "Plaintiff could have sought leave to submit supplemental briefing regarding Josef K. prior to the Court's issuance of its decision." (Opposition, 8:24-25) Furthermore, MCMC contends that Jack was not "prevented"

from discovery of the *Josef K.* opinion and "presents no reasonable excuse for failing to present *Josef K.* before the issuance of the Order." (Motion 9:15-19) Nothing could be further from the truth.

Jack filed his opposition papers on February 11, 2019, almost four months before the ruling in *Josef K.* (Docket No. 25) MCMC selected March 4, 2019 as the hearing date, however, the Court took the matter under submission without a hearing. There was no way to know when the Court would make its ruling. It is unreasonable to place a continuing duty on Jack to conduct additional legal research on a matter that had been fully briefed and awaited a decision from this Court. MCMC's argument assumes there is an ongoing duty on the part of Jack to monitor every ruling that comes from the federal courts and update this Court while the matter was under submission. Such a duty would be onerous and unreasonable. Jack did not discover the additional case authority until after it reviewed this Court's ruling issued on August 26, 2019, with respect to the Court's position that the Ninth Circuit has only found insurers to be fiduciaries with respect to the authority to approve or deny claims.

MCMC claims that *Mahon v. U.S.*, 795 F.Supp.2d 149, (D. Mass. 2011) is non-binding and does not support Jack's position. (Opposition, 9:4-6) Mahon was cited for purposes of illustration to demonstrate that courts will consider later discovered evidence or case law when it was not available to the party offering the decision or evidence through no fault of their own. One basis for reconsideration set forth in Local Rule 7-18 is the existence of "a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision." The decision in *Josef K.* occurred approximately four months after Jack submitted his Opposition to the Motion to Dismiss. Reasonable diligence does not mean that Jack must continually monitor every decision issued in every district and circuit court to continually update this Court on the state of the

1  law.

2       The ruling in *Josef K.* is relevant to MCMC's Motion to Dismiss.  This court

3  was not aware of the ruling evidenced by the fact that it was not cited in its ruling.

4  The Court clearly did its own research and did not locate the ruling. This Court was

5  in a better position to discover the ruling at the time it made its decision.  Therefore,

6  it is not unreasonable for Jack not to have discovered the ruling after he had

7  submitted his briefing on the matter.  Jack presented to the Court the case authority

8  available at the time he submitted his opposition papers.

9      **B.**    **A Review Conducted Pursuant California Health and Safety**

10          **Code § 1374.33 is Indistinguishable from a Review**

11          **Conducted Pursuant to 29 C.F.R. § 2590.715-2719**

12       MCMC attempts to distinguish the review conducted by Maximus in *Josef K.*

13  from the review conducted by MCMC in the present case based on the statutes

14  under which the reviews were conducted.  In actuality, the reviews conducted were

15  the same.  The reviews were to be conducted by an IRO after a claim for coverage

16  was denied and the claimant went through the internal appeal process. Both are

17  external reviews required to be conducted by an outside, independent party.

18       MCMC and Maximus are both IROs and conduct federal external reviews, as

19  well as similar medical reviews under state law.  MCMC provides the following

20  description of its services on its website[1]:

21         For nearly 30 years MCMC has provided independent medical review

22         to hundreds of health plans, managed care companies, employers, Taft-Hartley funds, TPAs, and government agencies.  MCMC was one of the

23         first IROs to provide federal external review services and perform external review at the state level.

24         MCMC offers all levels of Appeal Review, including First-Level,

25         Second-Level and Federal and State External Appeal reviews.
           Appeals are conducted by matched-specialty reviewers, with the same

26         credentials as the provider of service, in order to provide the best possible expertise.

27

28

---

[1] See Exhibit 1 attached to the Declaration of D. Jason Davis.

PLAINTIFF'S REPLY TO DEFENDANT MCMC, LLC'S OPPOSITION TO MOTION FOR RECONSIDERATION

Maximus provides a similar description of its services on its website[2]:

> Expertise for your needs
>
> Our appeals work extends to virtually any government service, including eligibility, health, disability and workers' compensation. Our appeals work includes hundreds of thousands of appeals annually from the following contracts:
>
> • Medicare Qualified Independent Contractor (QIC) Program appeals processing for Medicare Parts A, C and D
>
> • Medical review of Medicare Part A and B claims for the Department of Health and Human Services (HHS), Office of the Inspector General
>
> • Independent medical review services for the California Division of Workers' Compensation and Texas Workers' Compensation program
>
> • Medicaid and Children's Health Insurance Program (CHIP) eligibility
>
> • Peer review services for the U.S. Department of Veterans Affairs, Office of Medical-Legal Affairs
>
> • Federal external review process for health benefit appeals under the Affordable Care Act

MCMC and Maximus provide the same medical reviews whether under state or federal law.  Furthermore, there is no functional difference between a medical review conducted under California law or a federal external review.

In *Josef K.* the external review was conducted pursuant to California Health and Safety Code § 1374.33, whereas the review conducted here was governed by 29 C.F.R. § 2590.715-2719.[3] California Health and Safety Code § 1374.32 sets forth the requirements for an IRO to qualify to contract with the California Department of Health to conduct independent medical reviews.  Section 1374.32 requires the IRO and its designated expert reviewers to be independent of the plan for which it is conducting the review and not have any affiliation or connection in any way with anyone involved in the prior medical review process.

---

[2] See Exhibit 2 attached to the Declaration of D. Jason Davis.
[3] MCMC continues to claim that its external review was conducted pursuant to 45 C.F.R. § 2590.715-2719, which is not the federal regulation that governs the external review process in the present case.

California Health and Safety Code § 1374.33 sets forth a number of requirements that govern the review conducted by the IRO and its designated reviewers, which are similar to, if not the same as, the federal regulations governing an external review:

- A reviewer "shall promptly review all pertinent medical records of the enrollee, provider reports, as well as any other information submitted to the organization as authorized by the department or requested from any of the parties to the dispute by the reviewers."  Cal. Health & Safety Code § 1374.33(a);

- The reviewer "shall determine whether the disputed health care service was medically necessary based on the specific medical needs of the enrollee" and any additional medically accepted standards.  Cal. Health & Safety Code § 1374.33(b);

- Cal. Health & Safety Code § 1370.4 sets forth specific requirements for "an external, independent review process to examine the plan's coverage decisions regarding experimental or investigational therapies for individual enrollees . . ." Cal. Health & Safety Code § 1370.4(a).

- The review must provide an analysis of the "enrollee's medical condition, the relevant documents in the record, and the relevant findings associated with the provisions of subdivision (b) to support the determination." Cal. Health & Safety Code § 1374.33(d).

- The determination of the IRO is "binding on the plan." Cal. Health & Safety Code § 1374.33(f).

- "The organization's review shall be limited to an examination of the medical necessity of the disputed health care services and shall not include any consideration of coverage decisions or other contractual issues." Cal. Health & Safety Code § 1374.31(c)

As Jack explained in his moving papers, the federal regulations for an external

review contain the same requirements as California law:

- "The IRO will review all of the information and documents timely received. In reaching a decision, the assigned IRO will review the claim de novo and not be bound by any decisions or conclusions reached during the plan's or issuer's internal claims and appeals process applicable under paragraph (b)."[4]
- "The plan or issuer must ensure that the IRO process is not biased and ensures independence."[5]
- "Upon receipt of a notice of a final external review decision reversing the adverse benefit determination or final adverse benefit determination, the plan or issuer immediately must provide coverage or payment (including immediately authorizing care or immediately paying benefits) for the claim."[6]

(See Motion, 15:18 – 16:26)

A comparison of the federal regulations and California law demonstrates that both reviews are functionally the same, require the same independence, are binding, require the same or similar qualifications of the reviewers conducting the review and both apply to experimental and investigational health services.

## III. THE COURT CLEARLY ERRED BY CONSTRUING NINTH CIRCUIT AUTHORITY TOO NARROWLY REGARDING PERSONS WHO HAVE THE DISCRETION TO GRANT OR DENY CLAIMS

MCMC argues that the demonstration of clear error in the Court's analysis is nothing more than a "disagreement" with the Court's decision. MCMC further attempts to muddy the waters by claiming the Court's error cannot be reversed because it is improper to rely "on cases that were decided prior to this Court's issuance of its Order . . ." (Opposition, 11:8-9) A discussion of the error requires citation to legal authority to support the existence of the error. MCMC attempts to confuse the demonstration of clear error with the other basis for reconsideration

---

[4] See 45 C.F.R § 147.136(d)(2)(iii)(B)(5) and 29 C.F.R. § 2590.715-2719(d)(2)(iii)(B)(5).
[5] See 45 C.F.R § 147.136(d)(2)(iii)(A)(1) and 29 C.F.R. § 2590.715-2719(d)(2)(iii)(A)(1).
[6] See 29 C.F.R. § 2590.715-2719(d)(2)(iii)(B)(7)(viii).

cited by Jack; case law that was not available when Jack filed his opposition papers.

As discussed in Jack's moving papers, the Court ruled that Jack's position that "'[a] person with the authority to grant or deny claims, or to review the denial of claims, for benefits under the relevant ERISA plan is a fiduciary'" construed the rule too broadly. (Order, 9:15-19) The Court believed that the Ninth Circuit only found insurers to be fiduciaries in the context of having the authority or discretion to grant or deny claims. (Order, 9:19-23)

In numerous, if not all, federal circuits, including the Ninth Circuit, persons or entities other than insurance companies have been held to be fiduciaries because of their authority to grant or deny medical claims.  Plan administrators are routinely considered fiduciaries when they have the discretionary authority to grant or deny medical claims.[7]  As cited in Jack's moving papers, in *Pac. Shores Hosp. v. United Behavioral Health*, 764 F.3d 1030 (9th Cir. 2014), the Ninth Circuit held a third-party administrator who had the discretionary authority to grant or deny claims was a fiduciary: "[t]he unhappy fact is that UBH acted as a fiduciary in name only, abusing the discretion with which it had been entrusted." *Pac. Shores Hosp*.,1043–44 (9th Cir. 2014).

MCMC argues that the three cases cited by the Court in its Order at page 9, line 15 to page 10 line 11, "do not stand for the proposition that an IRO lacking discretionary control over the Plan, its assets, or its administration may be considered an ERISA fiduciary."  (Opposition, 11:23-25).  Both the Court and MCMC err by assuming that the external review conducted by MCMC does not constitute discretionary authority over the Plan or its administration. The function of approving or denying a medical claim, regardless of the person who performs the function, is an act of discretionary authority over the administration of a benefit plan

---

[7] *Reich v. Lancaster*, 55 F.3d 1034, 1047 (5th Cir. 1995) (claims administrator found to be fiduciary because it performed functions similar to plan administrator, including having "the authority and obligation to investigate, process, and approve claims . . ."); *Kodes v. Warren Corp*., 24 F. Supp. 2d 93, 102 (D. Mass. 1998) (although third party administrator conducted initial claim review, the employer was held to be a fiduciary because it retained final authority to review and deny claims.)

that constitutes a fiduciary act.  See, *Am. Fed'n of Unions Local 102 Health & Welfare Fund v. Equitable Life Assur. Soc. of the U.S.*, 841 F.2d 658, 663 (5th Cir. 1988) ("Holden's authority to grant or deny claims . . . qualifies as discretionary control respecting management of a plan or its assets within the meaning of § 1002(21)(A).").

Judge Rodgers analysis in *Josef K.* followed Ninth Circuit precedent and also found that because the IRO had the authority to approve or deny the medical claim, it was a fiduciary.  Based on that precedent she concluded that "Maximus exercised significant discretion in reaching its determination," that it construed terms in the plan "like 'safe,' 'effective,' and 'appropriate.'" And that the plaintiffs had alleged Maximus had the authority to interpret care guidelines and apply plan definitions to reach its conclusion. *Josef K., 2019* WL 2342245 at *7.  Furthermore, she found, as the regulations provide, Maximus's decision was binding on both the claimant and the insurer.  Thus, it was error for the Court to construe the Ninth Circuit case so narrowly.

## IV.    MCMC FAILS TO ADDRESS THE MATERIAL FACTS NOT CONSIDERED BY THE COURT IN ITS RULING

While MCMC acknowledges that Jack raised the issue of the bias on the part of MCMC, it attempts to gloss over these facts by claiming the facts were in the Complaint, and therefore, they were considered by the Court.  The Court's ruling demonstrates that the Court did not make any mention of the misconduct by MCMC alleged in the Complaint. While the Court recited facts concerning the chronology of the review process, it made no note of the numerous errors committed by MCMC alleged in the Complaint at paragraphs 79-88.

MCMC also attempts to confuse the Court's error in determining that MCMC did not make a final benefit determination by claiming these are merely facts that the Court had considered.  The Court misconstruing the legal effect of the external review is a legal error and not a failure to consider pertinent facts brought to the

1  attention of the Court.

2        Likewise, the Court's misreading of the regulations is not a failure to consider

3  facts. Rather, it is a legal error. MCMC cited to the wrong regulations that governed

4  an external review of a benefits decision by an ERISA-governed benefit plan.

5  MCMC's opposition continues to cite to the wrong regulations. The Court relied on

6  these erroneous regulations in making its ruling. The regulations make it clear that

7  if the IRO determines that the claim for benefits should be approved, the insurer or

8  benefit plan has *no discretion*. It must pay the claim. In addition, the only remedy

9  after the external reviewer makes its decision is to file a lawsuit. The filing of a

10  lawsuit does not constitute a plan retaining discretion over the IRO. If that were

11  true, then the claimant, who also has the right to file suit, would also exercise

12  discretion over the IRO, which the claimant does not. The Court erred when it

13  decided that a benefit plan has discretion over an IRO and has the discretion whether

14  to follow the determination of the IRO. It was clear error to decide otherwise.

15  **V.    MCMC CONCEDES THAT THE COURT DID NOT CONSIDER**

16         **WHETHER THE COMPLAINT COULD BE AMENDED TO ALLEGE**

17         **NON-FIDUCIARY LIABILITY AGAINST MCMC**

18        Jack's Motion raised the issue that the Court did not consider whether Jack

19  could amend the Complaint to assert a claim under ERISA § 502(a)(3) as a non-

20  fiduciary. MCMC's Opposition did not address this issue and the Court must

21  conclude that MCMC concedes this issue and has waived any argument to the

22  contrary.

23        To state a claim against a nonfiduciary under Section 502(a)(3):

24        the plaintiff need not allege that the nonfiduciary himself violated a
      substantive provision of ERISA. Rather, the plaintiff must allege only

25        that a fiduciary violated a substantive provision of ERISA and the
      nonfiduciary knowingly participated in the conduct that constituted the

26        violation.

27  *Daniels v. Bursey*, 313 F. Supp. 2d 790, 808 (N.D. Ill. 2004). The Complaint, at a

28  minimum, sufficiently stated misconduct on the part of MCMC by using the same

reviewer to repeatedly deny claims for coverage of the MyoPro.  This fact demonstrated bias and a lack of impartiality.  These allegations are sufficient to allege non-fiduciary liability against MCMC, to the extent it is not a fiduciary, and the parties that it contracted with to perform the external review.

## VI.  **MCMC FAILS TO DEMONSTRATE GOOD CAUSE FO THE COURT TO CONSIDER THE LATE-FILED OPPOSITION**

MCMC's counsel attempts to disclaim responsibility for keeping track of his own calendar and blames a low-level associate and assistant who are no longer with his firm for the failure to timely file the Opposition.  In addition, MCMC attempts to rely on two other Motions to Dismiss that were filed and fully briefed before MCMC's deadline to file its Opposition as creating some sort of confusion regarding when MCMC was required to file its Opposition.

Blame shifting to other persons should not constitute good cause.  MCMC's counsel is obligated to make sure he maintains his own calendar.  Furthermore, the filing of other briefs and motions did not excuse MCMC from meeting its own deadlines.  The Opposition was not received by Jack's counsel until October 30, 2019, resulting in prejudice to Jack.  Accordingly, MCMC has not demonstrated a sufficient basis to have the Court consider its Opposition.

///
///
///
///
///
///
///
///
///
///

## VII.  <u>CONCLUSION</u>

Defendant MCMC, LLC has not presented any valid basis why the Court should not reconsider its ruling.  Because there was a relevant ruling decided after the Motion to Dismiss was fully briefed, it should consider that ruling.  Furthermore, because the Court erred by construing Ninth Circuit authority too narrowly and did not consider important facts alleged in the Complaint in its ruling, the Court should reconsider its ruling.

DATED: November 4, 2019          **DAVIS LAW GROUP, PLC**


By:_____/s/ D. Jason Davis_____
                         D. Jason Davis
                         Attorneys for Plaintiff

1

## <u>CERTIFICATE OF SERVICE</u>

2      I certify that on November 4, 2019, I electronically filed the foregoing

3  **PLAINTIFF'S REPLY TO DEFENDANT MCMC, LLC'S OPPOSITION TO**

4  **MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND**

5  **AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court for the

6  United States District Court, Central District of California, by using the CM/ECF

7  system. Participants in the case who are registered CM/ECF users will be served by

8  the CM/ECF system.

9

10

11

12                    By:_____/s/ D. Jason Davis_____

13                                D. Jason Davis
                                 Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28