# United States District Court
# Central District of California

| | |
|---|---|
| JOHN HERZFELD,<br><br>    Plaintiff,<br><br>  v.<br><br>TEVA PHARMACEUTICALS USA, INC. OMNIBUS WELFARE PLAN, et al.,<br><br>    Defendants. | Case № 2:18-CV-09784-ODW (SSx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS [39][40]** |

## I.  INTRODUCTION

Plaintiff John Herzfeld brings this denial of benefits action against his ERISA-governed welfare benefit plan, its administrator, claim fiduciary, insurance network, and an independent review organization. (*See* Compl., ECF No. 1.) Defendants Teva Pharmaceuticals USA Inc. Omnibus Welfare Plan (the "Plan"), Meritain Health, Inc. ("Meritain"), and Aetna Life Insurance Company ("Aetna") move to dismiss. (Plan Mot. to Dismiss ("Plan Mot."), ECF No. 39; Meritain & Aetna Mot. to Dismiss ("M&A Mot."), ECF No. 40.) For the reasons that follow, the Court **GRANTS in part and DENIES in part** the Meritain & Aetna Motion and **DENIES** the Plan Motion. (ECF Nos. 39, 40.)[1]

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

The Court addressed the relevant factual allegations in its Order granting Defendant MCMC, LLC's[2] motion to dismiss and incorporates that discussion here by reference. (*See* Order Granting MCMC Mot. to Dismiss, ECF No. 34.)

Jack Herzfeld ("Herzfeld") is a dependent of Jeffrey Herzfeld, who was employed by Teva Pharmaceuticals USA, Inc. (Compl. ¶¶ 2, 8.) Teva Pharmaceuticals USA, Inc. is the Plan Administrator and Sponsor of the Plan, an ERISA-governed welfare benefit plan. (Compl. ¶ 9.) Herzfeld, eighteen years old at the initiation of this lawsuit, was diagnosed with Duchenne Muscular Dystrophy ("DMD") at the age of six. (Compl. ¶ 14.) Herzfeld's DMD "has caused degeneration and weakness in his muscles such that he requires a wheelchair for mobility and effectively has no use of his arms without assistance." (Compl. ¶ 4.)

At his doctors' recommendation, Herzfeld requested coverage for a myo-electric elbow-wrist orthoses ("EWO") called the MyoPro. (Compl. ¶¶ 22–27, 57–60.) Although Herzfeld alleges the MyoPro has gained widespread acceptance in the medical community, Quantum Health Inc. ("Quantum") denied Herzfeld's request for coverage, finding the MyoPro to be "Experimental and/or Investigational." (Compl. ¶¶ 32, 61.) Herzfeld submitted first and second level internal appeals of the denial, both of which Quantum denied. (Compl. ¶¶ 51–54, 62–73.) Herzfeld alleges that Quantum did not consider relevant evidence or follow procedures required for the appeals. (*See* Compl. ¶¶ 57–75.) Herzfeld requested an external review and Quantum assigned MCMC. (Compl. ¶¶ 74–75.) MCMC upheld Quantum's coverage denial, finding the MyoPro to be "experimental and investigational," and Herzfeld alleges MCMC's review was biased, predetermined, and failed to comply with required procedures. (Compl. ¶¶ 76–89.) Herzfeld alleges Meritain was obligated to ensure the integrity of these reviews but did not. (Compl. ¶ 106.)

---

[2] The Court granted MCMC's motion to dismiss, and concurrently denies Herzfeld's motion for reconsideration of that dismissal. (Mot. for Recons., ECF No. 65.) MCMC is no longer a party to this action.

Herzfeld filed the instant suit against the Plan, Quantum as a Plan Administrator, Meritain as the Plan's Claims Fiduciary and Third Party Administrator, Aetna as the provider of network health care services under the Plan, and MCMC as the external reviewer (collectively, "Defendants"). (Compl. ¶¶ 9–13.) He claims that Defendants wrongfully denied pre-certification coverage for the MyoPro, given its widespread acceptance in the medical community, and also breached their fiduciary duties and denied a full and fair review in the process. (Compl. ¶ 6.) He asserts three causes of action under ERISA: (1) denial of benefits under 29 U.S.C. § 1132(a)(1)(B), (2) violation of fiduciary duties under 29 U.S.C. § 1132(a)(3), and (3) denial of full and fair review under 29 U.S.C. § 1133. (Compl. ¶¶ 94–115.)

Meritain and Aetna move to dismiss all causes of action against them. The Plan moves to dismiss Herzfeld's second and third causes of action.

### III.     LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*,

250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

Meritain and Aetna seek dismissal of all three causes of action, arguing Herzfeld fails to allege sufficient facts to state a claim against them. (*See* M&A Mot. 5–6.) The Plan moves to dismiss Herzfeld's second and third causes of action, arguing that the equitable relief Herzfeld seeks is barred as duplicative of the first cause of action, which provides an adequate remedy. (*See* Plan Mot. 5.) The Court addresses each motion in turn.

**A.  Meritain & Aetna Motion [40]**

*1.  Denial of Benefits, 29 U.S.C. § 1132(a)(1)(B)*

Herzfeld asserts a first cause of action for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). (Compl. ¶¶ 94–101.) He claims that Defendants, including Meritain and Aetna, breached the terms of the Plan by refusing to pre-certify coverage for the MyoPro. (Compl. ¶ 99.) Meritain and Aetna argue that Herzfeld fails to allege sufficient facts to support that either of them breached the terms of the Plan or could be liable for denial of benefits. (M&A Mot. 10–12.)

ERISA provides that a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Potential liability for denial of benefits under

subsection (a)(1)(B) is not limited to a Plan or the Plan administrator, but the defendant must be someone "responsible for paying legitimate benefits claims" or who can "redress[] the act or practice which violates any provision of" ERISA. *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1206, 1207 (9th Cir. 2011) (internal quotation marks omitted). "[P]roper defendants under § 1132(a)(1)(B) . . . at least include ERISA plans, formally designated plan administrators, insurers or other entities responsible for payment of benefits, and de facto plan administrators that improperly deny or cause improper denial of benefits." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1297 (9th Cir. 2014). Suits may also be brought "against the plan as an entity and against the fiduciary of the plan." *Id.* (emphasis omitted); *see* 29 U.S.C. § 1002(21)(A) (a fiduciary is any entity that exercises discretionary authority or control over the plan's management, administration, or disposition of assets). Thus, a plaintiff must allege that the defendant is one of the listed entities or a de facto plan administrator with discretionary authority over claims.

As to Aetna, Herzfeld appears not to oppose dismissal of the first cause of action. (*See generally* Opp'n M&A Mot. ("Opp'n M&A"), ECF No. 48; M&A Reply 2, ECF No. 51.) "Failure to oppose constitutes a waiver or abandonment of the issue." *Heraldez v. Bayview Loan Servicing, LLC*, No. CV 16-1978-R, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016), *aff'd*, 719 F. App'x 663 (9th Cir. 2018) (citing *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011)). Further, Herzfeld alleges only that Aetna provides healthcare services for the Plan through its network (Compl. ¶ 12), but otherwise includes no allegations that Aetna was responsible for resolving or paying claims, nor that it played any role in the benefit denial (*see generally* Compl.). As such, dismissal of the first cause of action against Aetna is appropriate. The Court **DISMISSES** this cause of action against Aetna, **with leave to amend**.

As to Meritain, the parties agree that Meritain did not make the benefit determination here; Quantum did. (M&A Mot. 12; Opp'n M&A 12–13.) However, under *Spinedex* and *Cyr*, whether a party actually makes the ultimate determination is not dispositive. Plaintiff need only allege that the defendant is one of the contemplated entities and "den[ies] or cause[s] improper denial of benefits." *Spinedex*, 70 F.3d at 1297.

Herzfeld alleges Meritain is the Claims Fiduciary and Third Party Administrator of the Plan, which arguably brings Meritain within the universe of proper defendants. (Compl. ¶ 11.) However, he fails to describe Meritain's role as Claims Fiduciary and Third Party Administrator and his remaining allegations against Meritain do little to show how Meritain played any part in the benefit denial. Herzfeld alleges that Meritain, as the Claims Fiduciary, was supposed to notify Herzfeld of the Medical Benefit's determination and provide him certain information if the benefit was denied. (Compl. ¶¶ 50–51.) Additionally, Meritain was obligated and failed to ensure that Quantum followed required procedures in the claims reviews. (Compl. ¶ 106.) Although a close call, the Court finds this insufficient to plausibly establish that Meritain played a role in or somehow caused the benefit denial. Accordingly, Herzfeld's first cause of action for denial of benefits against Meritain fails.

In his opposition, Herzfeld argues that Meritain had the authority to resolve claims. (Opp'n M&A 13.) Specifically, he argues Meritain was obligated under the Plan to (1) make the benefit determination, (2) determine experimental/investigational status, and (3) ensure that the initial claim and subsequent appeals were decided by different fiduciaries. (Opp'n M&A 13.) These assertions do not appear in the complaint and thus do not save the claim from dismissal. However, such allegations could support Herzfeld's claim that Meritain had the authority to determine claims and its failure to do so in some way caused the allegedly improper denial. Accordingly, the Court **DISMISSES** the first cause of action against Meritain, **with leave to amend**.

### 2. Breach of Fiduciary Duties, 29 U.S.C. § 1132(a)(3)

Herzfeld asserts his second cause of action for breach of fiduciary duties under 29 U.S.C. § 1132(a)(3). (Compl. ¶¶ 102–09.) He claims Defendants are ERISA fiduciaries that breached their duties of care and loyalty. (Compl. ¶¶ 105–08.)

"To establish an action for equitable relief [for breach of fiduciary duties] under [29 U.S.C. § 1132(a)(3)], the defendant must be an ERISA fiduciary acting in its fiduciary capacity, and must 'violate [] ERISA-imposed fiduciary obligations.'" *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 498, 506 (1996)). ERISA imposes a duty of care on fiduciaries to discharge duties prudently and in accordance with the Plan and a duty of loyalty to discharge duties "solely in the interest of the" beneficiaries. *See* 29 U.S.C. § 1104(a)(1). There are two types of ERISA fiduciaries, "named fiduciaries" and "functional" fiduciaries. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 653 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 223 (2019). A "named fiduciary" is a party "designated 'in the plan instrument' as a fiduciary." *Id.* In contrast, a "functional fiduciary" is anyone who exercises discretionary authority or control respecting the management or administration of an employee benefit plan or its assets. *Id.*; *Santomenno v. Transamerica Life Ins. Co.*, 883 F.3d 833, 837 (9th Cir. 2018). The determination of benefits is generally a fiduciary act. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 220 (2004).

Thus, Herzfeld must allege that Meritain and Aetna are "ERISA fiduciar[ies]," named or functional, "acting in [their] fiduciary capacity," and they "violate[d] . . . ERISA-imposed fiduciary obligations" to comply with the Plan and to act solely in the interest of beneficiaries. *Mathews*, 362 F.3d at 1178.

a. <u>Meritain</u>

Herzfeld alleges the Plan documents identify Meritain as a named fiduciary, the "Claims Fiduciary." (Compl. ¶ 11; Opp'n M&A 14.) He alleges that Meritain owed a fiduciary duty of care under the Plan to oversee the conduct of Quantum and MCMC,

and breached that duty when it failed to ensure that Quantum followed all required procedures and that MCMC conducted a compliant, impartial review. (Compl. ¶ 106.) Further, Herzfeld alleges how Quantum failed to comply with required procedures under the Plan and ERISA (Compl. ¶¶ 61–75) as well as how MCMC failed to conduct a compliant and impartial review (Compl. ¶¶ 76–89). Thus, Herzfeld sufficiently alleges that Meritain is an ERISA fiduciary as well as how it breached its fiduciary duty of care.[3]

Herzfeld also alleges that Meritain, along with all Defendants, breached its fiduciary duty of loyalty by "refusing to cover the Myomo MyoPro, to [Defendants'] own advantage, at the expense of the Plan's participants and beneficiaries." (Compl. ¶¶ 107–08.) Yet Herzfeld offers no allegations specific to Meritain regarding how Meritain participated in the benefit denial or otherwise acted with an interest other than for the beneficiaries such that it breached its duty of loyalty.

Accordingly, the Court **DENIES** dismissal of Herzfeld's claim against Meritain for breach of fiduciary duty of care, and **GRANTS** dismissal of Herzfeld's claim against Meritain for breach of fiduciary duty of loyalty. As it is not clear that amendment would be futile, dismissal is **with leave to amend**.

b. Aetna

Herzfeld argues Aetna is a "functional" fiduciary. (Opp'n M&A 9–12.) However, the only allegations in the complaint concerning Aetna are that it supplies the network for provision of healthcare services (Compl. ¶ 12) and that MCMC reviewed an "unspecified 'Aetna Clinical Policy Bulletin'" in upholding the benefit denial (Compl. ¶ 82.) Neither of these allegations support Herzfeld's contention that

---

[3] In his opposition, Herzfeld argues that Meritain, as Claims Fiduciary, owes a duty of care under the Plan to make the final benefit determination, determine experimental status of a device, and ensure the initial claim and subsequent appeals are handled by different fiduciaries. (Opp'n M&A 14–15.) He contends that Meritain breached its fiduciary duty by failing to carry out these obligations. (Opp'n M&A 15.) However, these assertions do not appear in the complaint (*see* Compl.), and, as the Court finds the claim sufficiently stated, it does not consider Herzfeld's additional assertions concerning Meritain's fiduciary duty of care.

Aetna is a functional fiduciary with discretionary authority over management of the Plan or its assets, or that it engaged in any fiduciary act. Indeed, Herzfeld alleges no conduct by Aetna, fiduciary or otherwise. (*See* Compl.)

Herzfeld argues that Aetna "was part of the benefit determination process" in that it "created the Clinical Policy Bulletin" that MCMC relied on in upholding the benefit denial. (Opp'n M&A 10.) First, this assertion does not appear in the complaint. Rather, the complaint alleges that MCMC claimed to have reviewed "an unspecified 'Aetna Clinical Policy Bulletin'" but that Aetna "has not created a Clinical Policy Bulletin" that would apply. (Compl. ¶ 82.) Thus, instead of alleging that Aetna provided a bulletin that supported the benefit denial, the complaint alleges that no such Aetna bulletin exists. Second, even assuming Aetna created a relevant policy bulletin and that it was used in the benefit denial, Herzfeld's argument does not establish that Aetna created Clinical Policy Bulletins to participate in claims administration or develop coverage guidelines. *See Kazda v. Aetna Life Ins. Co.*, No. CV 19-02512-WHO, 2019 WL 6716306, at *4 (N.D. Cal. Dec. 10, 2019) (finding allegations that defendant participated in claims administration by developing internal coverage guidelines sufficient to state a claim for fiduciary breach); *Bradford v. Anthem Inc.*, No. CV 17-05098-AB (KSx), 2017 WL 8292780, at *3 (C.D. Cal. Nov. 2, 2017) (same). Thus, Herzfeld offers nothing to support that Aetna was at any time acting as a fiduciary.

Finally, Herzfeld alternatively argues the complaint states a nonfiduciary claim against Aetna. (Opp'n M&A 11–12.) "[A] party in interest—including a non-fiduciary third party—may be sued under [§ 1132(a)(3)] for its participation in a prohibited transaction." *Depot, Inc.*, 915 F.3d at 659–60 (quoting *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246, 249–51 (2000)); *see Bush v. Liberty Life Assurance Co. of Bos.*, 130 F. Supp. 3d 1320, 1331 (N.D. Cal. 2015) (citing *Cyr* and *Harris Trust*) ("[A] non-fiduciary may be liable for knowingly participating in the administrator's breach of [fiduciary] duty."). First, the complaint

does not assert a claim for nonfiduciary breach, and instead expressly premises the second cause of action on a breach of ERISA-fiduciary duties. (*See* Compl. ¶¶ 102–09.) Herzfeld argues "Aetna knowingly provided to the Plan and its other fiduciaries its flawed policy bulletin that improperly stated the MyoPro was experimental and/or investigational." (Opp'n M&A 11–12.) However, no allegations consistent with this argument appear in the complaint, and thus it does not save the claim from dismissal.

Accordingly, the Court **dismisses** Herzfeld's second cause of action against Aetna. As the Court finds amendment would not be futile, dismissal is **with leave to amend**.

### 3. *Denial of Full and Fair Review, 29 U.S.C. § 1133*

Herzfeld asserts his third cause of action for denial of a full and fair review under 29 U.S.C. § 1133. (Compl. ¶¶ 110–15.) Meritain and Aetna move to dismiss this cause of action on the basis that Herzfeld does not allege either of them is the Plan, which is the only proper defendant. (M&A Mot. 15.)

"ERISA § 503 [29 U.S.C. § 1133], which specifies minimum requirements for a plan's claim procedure, requires plans to 'afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.'" *Aetna Health Inc.*, 542 U.S. at 220 (quoting 29 U.S.C. § 1133(2)). By its plain language, § 1133 and the relevant regulations impose duties only upon benefit plans. *See Lee v. ING Groep, N.V.*, 829 F.3d 1158, 1161 (9th Cir. 2016) (citing with approval *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 406 (7th Cir. 1996) ("Section 1133, on its face, establishes requirements for plans."); *see also Aetna Health Inc.*, 542 U.S. at 220 (noting that the relevant regulations implementing § 1133 "apply equally to health benefit plans and other plans").

Herzfeld does not oppose dismissal of his third cause of action against Meritain and Aetna, and thus is deemed to have abandoned it. (*See generally* Opp'n M&A);

*Stichting Pensioenfonds ABP*, 802 F. Supp. 2d at 1132. Further, Herzfeld does not allege that either Meritain or Aetna is the Plan. (*See* Compl. ¶¶ 11–12 (alleging Meritain is the Claims Fiduciary and Third Party Administrator and Aetna supplies the health care network under the Plan).) Accordingly, the third cause of action is not properly asserted against Meritain or Aetna and is therefore **DISMISSED** as to them, **without leave to amend**.

B.  **Plan Motion [39]**

The Plan moves separately, requesting dismissal of Herzfeld's second and third causes of action, which each seek relief under § 1132(a)(3). (*See* Plan Mot.; Compl. ¶¶ 109, 115.) The Plan argues these claims are barred as duplicative of the first cause of action under § 1132(a)(1)(B), which provides adequate remedies. (Plan Mot. 2.) Herzfeld contends that the causes of action are not duplicative but rather properly assert alternative theories of liability seeking distinct remedies. (Opp'n Plan Mot. ("Opp'n Plan") 2, 10–14, ECF No. 52.)

First, the Plan acknowledges, and Herzfeld confirms, that Herzfeld does not assert his second cause of action against the Plan. (Opp'n Plan 10; Plan Mot. 3 n.3.) In footnotes on Reply, the Plan argues it may move to dismiss a claim brought against other defendants but provides no authority in support. (Plan Reply 2 n.2, 5 n.4, ECF No. 60.) What is more, no defendant against which the second cause of action is asserted joins the Plan's motion to dismiss.

Second, ERISA allows plaintiffs to seek relief under both § 1132(a)(1)(B) and § 1132(a)(3). *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 960–61 (9th Cir. 2016) (discussing *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011).) Although plaintiffs are prohibited from seeking "duplicate *recoveries* when a more specific section of the statute . . . provides a remedy similar to what the plaintiff seeks under the equitable catchall provision, § 1132(a)(3)," plaintiffs are permitted to present both § 1132(a)(1)(B) and § 1132(a)(3) as alternative theories of liability so long as there is no double recovery. *Id.* at 961 (emphasis in original) (quoting *Silva v. Metro. Life Ins.*

*Co.*, 762 F.3d 711, 726 (8th Cir. 2014)). Courts have recognized the "difficulty of determining at the pleading stage of the case whether claims under [§ 1132(a)(1)(B)] and [§ 1132(a)(3)] are, in fact, duplicative." *See, e.g.*, *Kazda*, 2019 WL 6716306, at *6 (quoting *Wit v. United Behavioral Health*, No. CV 14-02346-JCS, 2014 WL 6626894, at *10 (N.D. Cal. Nov. 20, 2014)).

The Court finds Plaintiff has adequately pleaded alternative claims with distinct remedies. Herzfeld's first cause of action under § 1132(a)(1)(B) alleges Defendants wrongfully denied him a benefit under the Plan and seeks as a remedy the benefit denied and reimbursement. (Compl. ¶ 101.) Herzfeld alleges in the second cause of action that Defendants breached their fiduciary duties when they did not comply with the required claims process, for instance by failing to use a different fiduciary for appeals or failing to use an impartial external reviewer. (*See* Compl. ¶¶61–89, 102–09.) Thus, while the first cause of action seeks coverage under the Plan, the second cause of action seeks to enjoin the violations alleged in the claims handling process. Further, Herzfeld's third cause of action alleges denial of a full and fair review, and seeks to remedy Defendants' refusal to provide reasons or protocols relied upon in the benefit denial as well as the failure to inform Herzfeld of his rights in the process. (Compl. ¶¶ 112, 115.)

Although the Plan's position is "not without some support, the claims seek distinct remedies, and it is premature for [the Plan]—or the Court—to limit the remedies [Herzfeld] may seek." *Wiittrock v. Danaher Corp.*, No. CV 17-6219 DSF (SSx), 2018 WL 6177251, at *3 (C.D. Cal. Apr. 23, 2018) (citing *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)). Accordingly, the Plan's Motion is **DENIED**.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS in part and DENIES in part** the Meritain & Aetna Motion (ECF No. 40) and **DENIES** the Plan Motion (ECF No. 39). To the extent the Court grants leave to amend as discussed above, Herzfeld

may file an amended complaint addressing the deficiencies herein within twenty-one days of the date of this order.

**IT IS SO ORDERED.**

April 14, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**