# United States District Court
# Central District of California

JOHN HERZFELD,

        Plaintiff,

  v.

TEVA PHARMACEUTICALS USA, INC. OMNIBUS WELFARE PLAN, et al.

        Defendants.

Case No. 2:18-cv-09784-ODW (SSx)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [65]**

## I. INTRODUCTION

Presently before the Court is Plaintiff John Herzfeld's Motion for Reconsideration of the Court's Order granting Defendant MCMC, LLC's motion to dismiss ("Motion"). (Mot. for Recons. ("Mot."), ECF No. 65.) For the reasons that follow, Plaintiff's Motion is **DENIED**.[1]

## II. BACKGROUND

The Court addressed the relevant factual allegations and procedural history in its Order granting Defendant MCMC's motion to dismiss and incorporates that discussion here by reference. (*See* Order Granting MCMC's Mot. to Dismiss ("Order"), ECF No. 34.) The following brief summary is provided for context.

---

[1] After considering the papers filed in connection with this Motion, the Court deemed this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

John Herzfeld ("Herzfeld") is a dependent of Jeffrey Herzfeld, who was employed by Teva Pharmaceuticals USA, Inc. (Compl. ¶¶ 2, 8, ECF No. 1.) Teva Pharmaceuticals, Inc. is the Plan Sponsor and Plan Administrator of the Teva Pharmaceuticals USA, Inc. Omnibus Welfare Benefit Plan (the "Plan"), an ERISA-governed welfare benefit plan. (Compl. ¶ 9.) Herzfeld was diagnosed with Duchenne Muscular Dystrophy ("DMD") at the age of six and was eighteen years old at the commencement of this lawsuit. (Compl. ¶ 14.) DMD has caused Herzfeld "degeneration and weakness in his muscles such that he requires a wheelchair for mobility and effectively has no use of his arms without assistance." (Compl. ¶ 4.)

At his doctors' recommendation, Herzfeld requested coverage for a myo-electric elbow-wrist orthoses ("EWO") called the MyoPro. (Compl. ¶¶ 22–27, 57–60.) Herzfeld alleges EWOs have gained widespread acceptance in the medical community, but the claims administrator ("Quantum") denied Herzfeld's request for coverage, finding the MyoPro to be "Experimental and/or Investigational." (Compl. ¶¶ 10, 32, 44, 61.) Quantum also denied Herzfeld's internal appeals, granted his request for an external review, and assigned independent review organization ("IRO") MCMC to conduct the de novo external review. (Compl. ¶¶ 67, 72, 74–75.) With some exceptions delineated in the applicable regulations, an external review is final and binding. (*See* Compl. ¶ 56.) MCMC upheld Quantum's coverage denial on the ground that the MyoPro was "experimental and investigational." (Compl. ¶ 76.)

Herzfeld initiated this action against MCMC and several other defendants. (*See* Compl. ¶¶ 9–13.) Herzfeld asserts three causes of action under ERISA against all defendants: (1) denial of benefits under 29 U.S.C. § 1132(a)(1)(B), (2) violation of fiduciary duties under § 1132(a)(3), and (3) denial of full and fair review under § 1133. (Compl. ¶¶ 94–115.) On August 26, 2019, the Court granted MCMC's motion to dismiss without leave to amend. (Order 11.) The Court found that MCMC was not a proper defendant for any of Herzfeld's claims because: (1) MCMC had no control over administration of benefits under the Plan; (2) MCMC was not an ERISA

fiduciary; and (3) MCMC was not the Plan, the only proper defendant for a claim under § 1133. (Order 6, 10, 11.) At MCMC's request, the Court entered partial Judgment for MCMC. (J., ECF No. 54.)

Herzfeld moves for reconsideration of the Court's Order dismissing MCMC under Federal Rules of Civil Procedure ("Rule") 59(e) and 60(b), and Local Rule 7-18. (Mot. 7–8.)

### III. LEGAL STANDARD

"[A] motion for reconsideration [under Rule 59(e)] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A court may disregard "repeated legal arguments" and "facts that were available earlier in the proceedings." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Rule 60(b) provides for reconsideration of a final judgment, order, or proceeding only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied judgment; or (6) another reason that justifies relief. Fed. R. Civ. P. 60(b).

Local Rule 7-18 places additional limitations on motions for reconsideration. Similar to the Federal Rules, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. Civ. L.R. 7-18; *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995). Grounds for a motion for reconsideration are limited to:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
(b) the emergence of new material facts or a change of law occurring after the time of such decision, or
(c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. L.R. 7-18; *see In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013). Displeasure with the outcome alone is insufficient; unless the moving party shows that one of the factors exists, the Court will not grant reconsideration. *See Carroll*, 342 F.3d at 945 ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances," unless one of the factors is present); *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010) (noting that mere disagreement with court's conclusions is not sufficient).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll*, 342 F.3d at 945; *Collins v. U.S. Citizenship & Naturalization Serv.*, No. CV 11-9909-JFW (SSx), 2013 WL 776244, at *1 (C.D. Cal. Feb. 6, 2013) (internal quotation marks omitted) ("Motions for reconsideration are disfavored and are rarely granted."). Whether to grant a motion for reconsideration is within the court's discretion. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); *Arteaga*, 733 F. Supp. 2d at 1236.

### IV. DISCUSSION

Herzfeld contends that a recent ruling in the Northern District of California requires the Court to reconsider its finding that MCMC is not an ERISA fiduciary. (Mot. 3.) Herzfeld also argues that the Court failed to consider material facts and erred in its application of law. (Mot. 3–4.) The Court finds Herzfeld's arguments unpersuasive and insufficient to satisfy the taxing burden for reconsideration.[2]

**A. MCMC's Opposition**

As a preliminary matter, Herzfeld argues the Court should not consider MCMC's opposition because it was filed one day late. (Reply 12, ECF No. 68; Opp'n to Mot. ("Opp'n"), ECF No. 66.) MCMC invokes Rule 6(b) to request that the Court consider its opposition. (Req. to Consider Late-Filed Opp'n ("Req.") 2, ECF No. 67.)

---

[2] The Court finds Herzfeld's remaining arguments equally without merit.

Rule 6(b)(1) provides that the court may, for good cause, extend the time for a party to act "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[L]ike all the Federal Rules of Civil Procedure, [Rule 6(b) is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal quotation marks omitted).

Under these circumstances, the Court finds the one-day delay does not prejudice Herzfeld, as he had adequate time to prepare his Reply and could have, but did not, request an extension of his deadline. Also, it is undisputed that the delay was the unintentional result of staffing changes and the termination of MCMC from this action. (*See* Req. 1–2.) Finally, the one-day delay did not impact the proceedings and there is no evidence of bad faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993) (discussing circumstances to consider when evaluating excusable neglect, including "the danger of prejudice," the length of the delay and impact on proceedings, "the reason for the delay . . . and whether the movant acted in good faith"); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (noting that *Pioneer* analysis of excusable neglect is applicable to requests under Rule 6(b)). Accordingly, the Court **GRANTS** MCMC's request to consider its opposition. (ECF No. 67.) The Court notes, however, that even without MCMC's opposition, reconsideration is not warranted.

## B. Material Difference in Law

Herzfeld asks the Court to reconsider its finding that MCMC is not an ERISA fiduciary. He contends that "a material difference in . . . law [exists] from that presented to the [C]ourt," which Herzfeld could not have discovered through reasonable diligence before the Court's decision. (Mot. 10 (citing C.D. Cal. L.R. 7-18.) Herzfeld points to *Josef. K v. California Physicians' Service*, No. 18-cv-06385-YGR, 2019 WL 2342245 (N.D. Cal. June 3, 2019), where the

district court found an external reviewer to be a functional fiduciary under ERISA. (Mot. 10.) However, the Court finds that *Josef K.* does not support reconsideration.

First, the decision in *Josef K.* is not controlling precedent for this Court. Second, it was issued on June 3, 2019, two months before this Court issued its decision on August 26, 2019. Herzfeld argues he had no reason to continue researching once the motion was fully-briefed, but nothing suggests he could not have discovered the decision with an exercise of reasonable diligence.

Third, the court in *Josef K.* relied on *Del Prete v. Magellan Behavioral Health, Inc.*, 112 F. Supp. 3d 942 (N.D. Cal. 2015), to conclude that the external reviewer—an "independent medical reviewer," not an IRO like MCMC—was a functional fiduciary under ERISA. *Josef. K.*, 2019 WL 2342245, at *7. But Herzfeld also relied on *Del Prete* in his opposition to MCMC's motion to dismiss, so *Josef K.* does not represent a material change in law from that previously presented to this Court. (*See* Opp'n to Mot. to Dismiss ("Opp'n MTD") 10–11, ECF No. 25.) Further, the Court expressly considered and disagreed with *Del Prete* in its Order granting dismissal. (*See* Order 9.) Herzfeld may not ask the Court to "rethink what the Court has already thought through merely because [he] disagrees with the Court's decision." *In re Benham*, No. CV13-0205-VBF, 2013 WL 3872185, at *9 (C.D. Cal. May 29, 2013). Accordingly, *Josef K.* does not provide grounds for reconsideration.

## C. Manifest Failure to Consider Material Facts and Clear Error

Herzfeld also contends that the Court failed to consider material facts and committed clear error in applying regulations and interpreting Ninth Circuit precedent. (Mot. 12–18.) Yet, Herzfeld merely rehashes the same arguments previously made and rejected.

Clear error occurs where the court "is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). The moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Arteaga*, 733 F.

Supp. 2d at 1236. Where the asserted basis for reconsideration is a failure to consider facts, the moving party must make a "manifest showing" of the court's failure to consider "material facts" previously presented. C.D. Cal. L.R. 7-18.

   *1.   Final and Binding Determination*

Herzfeld argues the Court "failed to consider material facts alleged in the Complaint." (Mot. 8–9.) Specifically, Herzfeld argues the Court erred when it "determined erroneously that Quantum made the final decision to deny benefits" and did not consider his allegation that an external reviewer's determination was the final, binding decision. However, Herzfeld specifically alleges in his Complaint that Quantum denied Herzfeld's request for coverage and that MCMC upheld that denial. (*See* Order 3 (citing Compl. ¶¶ 10, 39, 61, 76).) Further, the Court expressly considered Herzfeld's allegation regarding the external review, noting, "[w]ith some exceptions, the external review determination is binding on both the Plan and the claimant." (Order 3 (citing Compl. ¶ 56).) Thus, Herzfeld fails to make a manifest showing that the Court did not consider these allegations.

Additionally, the "exceptions" articulated in the regulations provide circumstances where the external reviewer's determination is *not* final and binding, including the circumstances Herzfeld alleges, where an external reviewer upholds denial. (*See* Order 7–8 (citing 45 C.F.R. § 147.136(d)(2)(iii)(B)(7)(v) (listing exceptions to an IRO's binding determination, including that a Plan may pay for or provide the benefit even where an IRO upholds denial, as MCMC did here)).) Thus, the Court expressly considered Herzfeld's allegation that MCMC's determination was final and binding and accepted it as true to the extent not contradicted by applicable regulations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (discussing that a court need not "accept as true allegations of matters properly subject to judicial notice").

Herzfeld next contends the Court erred by applying an incorrect regulation, 45 C.F.R. § 147.136. (Reply 11.) Herzfeld argues that the applicable regulation is

7

instead 29 C.F.R. § 2590.715-2719. (Reply 6 n.3, 11; *see* Mot. 15–16.) However, the language of the two relevant regulation sections is *identical* and provides the same exceptions to the finality of an external reviewer's determination. *Compare* 45 C.F.R. § 147.136(d)(2)(iii)(B)(7)(v) *to* 29 C.F.R. § 2590.715-2719(d)(2)(iii)(B)(7)(v).[3] Herzfeld implicitly acknowledges the similarity, as he cites to *both* regulations in his present Motion, where he repeats the argument that an external review is final and binding (notably ignoring the exceptions). (*See* Mot. 16:9–10.) Accordingly, the Court is not left with a definite and firm conviction that a mistake has been made, and this argument does not warrant reconsideration.

Finally, Herzfeld did not raise this argument or otherwise rely on 29 C.F.R. § 2590.715-2719(d)(2)(iii)(B)(7)(v) in opposition to MCMC's motion to dismiss. (*See* Opp'n MTD, TOC iii.) Indeed, he cited 45 C.F.R. § 147.136, the regulation he now contends does not apply. (*See* Opp'n MTD 11.) He may not raise this argument now in hopes of a do-over. *See Carroll*, 342 F.3d at 945 (affirming denial of reconsideration because motion may not "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); *In re 5-Hour Energy Mktg. & Sales Practices Litig.*, No. ML 13-2438 PSG (PLAx), 2017 WL 4772567, at *4 (C.D. Cal. Aug. 11, 2017) (motions for reconsideration not meant to serve as a "do-over").

---

[3] Both regulations provide:
> (7) The assigned IRO's written notice of the final external review decision must contain . . . (v) A statement that the IRO's determination is binding *except* to the extent that other remedies may be available under State or Federal law . . . *or to the extent* the health plan or health insurance issuer voluntarily makes payment on the claim or otherwise provides benefits at any time, *including after a final external review decision* that denies the claim or otherwise fails to require such payment or benefits.

29 C.F.R. § 2590.715-2719(d)(2)(iii)(B)(7)(v) & 45 C.F.R. § 147.136(d)(2)(iii)(B)(7)(v) (emphasis added).

### *2. Additional Arguments*

Herzfeld also contends the Court committed clear error by erroneously concluding that "the Ninth Circuit only considers insurance companies to have the ability to grant or deny claims as being the universe of potential" functional fiduciaries. (Mot. 13.) Far from Herzfeld's tortured reading, the Court discussed that a functional fiduciary is anyone "who exercises discretionary authority or control" over an employee benefit plan or its assets, as, for instance, with an insurance company that has been granted authority to grant or deny claims. (Order 7, 9.) The Court concluded that, because MCMC did not possess such discretionary authority based on Herzfeld's allegations and the applicable regulations, MCMC was not a functional fiduciary under ERISA. (Order 7–10.) The Court is not firmly convinced a mistake has been made and Herzfeld's disagreement with the Court's conclusions is not grounds for reconsideration. *See Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) (denying Pegasus's motion for reconsideration on grounds of "improper appli[cation] [of] Ninth Circuit" opinion because "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent.").

Herzfeld also argues the Court failed to consider his allegations that MCMC was biased and predetermined the outcome of the review. (Mot. 9.) He improperly repeats the same arguments he raised in opposition to MCMC's motion to dismiss, specifically that MCMC's misconduct constitutes breach of fiduciary duties under ERISA. (*Compare* Mot. 18–19 *to* Opp'n MTD 11.) A court may disregard "repeated legal arguments" and "facts that were available earlier in the proceedings." *Zimmerman*, 255 F.3d at 740; *see also* C.D. Cal. 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.") Further, the allegations Herzfeld relies on for reconsideration were before the Court on MCMC's motion and Herzfeld does not make a "manifest showing" that Court failed to consider them. C.D. Cal. L.R. 7-18.

Finally, in what seems an afterthought, Herzfeld contends the Court erred by failing to consider whether he could amend to assert a claim against MCMC for nonfiduciary liability under § 1132(a)(3). (Mot. 20.) However, nothing in Herzfeld's complaint suggests a claim against MCMC for *nonfiduciary* liability. (*See* Compl. ¶¶ 102–09 (asserting second claim for "Violation of Fiduciary Duties of Loyalty and Due Care in Violation of ERISA," under § 1132(a)(3).) Each allegation supporting his second claim invoked fiduciary duty. (*See* Compl. ¶¶ 105, 108, 109.[4]) Yet, despite MCMC's arguments in its motion to dismiss that it was not an ERISA fiduciary, Herzfeld did not raise the specter of a nonfiduciary claim in his opposition. (Mot. to Dismiss 9–12, ECF No. 22; *see generally* Opp'n MTD.) Indeed, Herzfeld sought leave to amend only "to address any deficiencies" the Court identified. (Opp'n MTD 15.)

Herzfeld could have, but did not, request leave to amend to assert a new nonfiduciary claim against MCMC; consequently, he may not now raise the argument as grounds for reconsideration. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("[M]otion may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation"); *see McMichael v. U.S. Filter Corp.*, No. EDCV 99-182 VAP (MCx) (Consol.), 2001 WL 418981, at *18 (C.D. Cal. April 17, 2001) (denying reconsideration in part because plaintiff had not previously raised a basis for amendment). Additionally, Herzfeld fails to offer "strongly convincing" law or facts that denying leave to amend to assert a new claim against MCMC was "manifestly unjust." *Arteaga*, 733 F. Supp. 2d at 1236; *Zimmerman*, 255 F.3d at 740. As the Court is not left with the definite and firm conviction a mistake has been made, it declines to find clear error.

---

[4] Compl. ¶¶ 105 ("MCMC [has] violated [its] fiduciary duty of care"), 108 ("MCMC [has] violated [its] fiduciary duty of loyalty"), 109 ("[Herzfeld] is entitled to relief to remedy . . . MCMC['s] . . . violation of [its] fiduciary duties under ERISA § 502(a)(3).").

## V. CONCLUSION

Herzfeld does not present a material change in law or make a "manifest showing" that the Court failed consider material facts, and the Court is not left with a "definite and firm conviction that a mistake has been committed." *Smith*, 727 F.3d at 955; *see also* C.D. Cal. L.R. 7-18. Accordingly, and for the reasons discussed above, the Court **DENIES** Herzfeld's Motion for Reconsideration. (ECF No. 65.)

April 14, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**